UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
TASJAWN WHITE,

<table>
<tr><td>Plaintiff,</td><td>**ORDER**</td></tr>
<tr><td>-against-</td><td>19 Civ. 853 (NSR)(JCM)</td></tr>
</table>

CITY OF MOUNT VERNON, Mount
Vernon Police Detective GAMBLE,
Mount Vernon Police Detective SMITH,

Defendants.
------------------------------------------------------X

Before the Court is a letter motion for a protective order filed by Defendants City of

Mount Vernon and City of Mount Vernon Police Detectives Gamble and Smith (collectively,

"Defendants"). (Dkt. No. 30-1).  At the Court's request, Defendants also filed three confidential

*ex parte* letters with the Court and submitted the documents and photographs at issue for *in

camera* review.  Plaintiff Tasjawn White ("Plaintiff") opposes the motion in part. (Dkt. No. 31).

The Court has reviewed the documents and photographs *in camera* and, for the reasons that

follow, Defendants' motion is granted in part and denied in part.

**I.  BACKGROUND**

Plaintiff was arrested on March 29, 2018, in connection with the Mount Vernon Police

Department's investigation of a deadly shooting that occurred on March 14, 2018.  Defendants

Gamble and Smith interrogated Plaintiff regarding his involvement in the shooting.  Plaintiff

ultimately pleaded guilty in Westchester County Court to Murder in the First Degree, Attempted

Murder in the Second Degree, and Robbery in the First Degree.  On February 18, 2021, he was

sentenced to twenty years to life in prison for the murder charge to be served concurrently with a

sentence of twenty years' incarceration and five years' post-release supervision for the attempted

murder and robbery charges.  Plaintiff is currently serving that sentence at Great Meadow
Correctional Facility.

On January 28, 2019, Plaintiff, proceeding *pro se*, brought this Section 1983 action
alleging that Defendants used excessive force immediately following his custodial interrogation
in the underlying criminal action in violation of his civil rights. (Dkt. No. 2).  Specifically,
Plaintiff alleges that Defendants Gamble and Smith repeatedly kicked and punched him in a
secluded stairwell after he requested an attorney and would no longer answer their questions. *Id*.
Defendants deny these allegations. (Dkt. No. 15).

Defendants now seek a protective order from the Court to prohibit the disclosure of
certain materials from the "criminal investigation and prosecution file" and other "relevant
documents in Defendants' possession."  Defendants note that they would normally produce these
materials as a matter of course under an "attorney's eyes only" designation, but are unable to do
so here because Plaintiff is proceeding *pro se*.  Defendants argue that these documents and
photographs are not relevant to Plaintiff's case and are protected by the law enforcement and
informant's privileges.  Plaintiff appears to acknowledge in his response that certain of the
documents, including his plea agreement and sentencing documents, would not relate to his civil
case, but otherwise opposes the request—noting he has already "seen the witnesses['] names
etc." contained in the documents. (Dkt. No. 31).

## II.  DISCUSSION

### A.  Legal Standard

The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that
is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ.
P. 26(b)(1).  Upon motion of a party from whom discovery is sought, a court may, for good

cause, issue a protective order limiting discovery in "order to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

## B.  The Majority of the Documents And All of the Photographs Are Not Relevant

The Court determines relevance "in light of the claims and defenses asserted by the

parties." *In re Bairnco Corp. Sec. Litig.*, 148 F.R.D. 91, 96 (S.D.N.Y. 1993).  Relevance under

the Federal Rule of Civil Procedure 26 ("Rule 26") is "'obviously broad and liberally

construed.'" *Thurmond v. Thomas-Walsh*, 18-CV-409 (PMH)(JCM), 2021 WL 2644993, *2

(S.D.N.Y. June 24, 2021)(quoting *Gupta v. New Silk Route Advisors, L.P.*, 19-CV-9284 (PKC),

2021 WL 1812202, *3 (S.D.N.Y. May 5, 2021))[1](alteration omitted).  However, a party

generally must demonstrate a concrete "linkage between the discovery sought and the [claims or]

defenses asserted in the case." *Edmondson v. RCI Hosp. Holdings, Inc.*, 16-CV-2242 (VEC),

2018 WL 4112816, *1 (S.D.N.Y. Aug. 29, 2018)(quoting *Liberty Mut. Ins. Co. v. Kohler Co.*,

No. 08-CV-867 (SJF)(AKT), 2010 WL 1930270, *2 (E.D.N.Y. May 11, 2010)).  The party

seeking the discovery bears the burden of establishing relevance. *See, e.g.*, *Chen-Oster v.

Goldman, Sachs & Co*., 293 F.R.D. 557, 561 (S.D.N.Y. 2013).

Plaintiff's excessive force claim concerns conduct that occurred after he was arrested but

before he was arraigned and is thus governed by the Due Process Clause of the Fourteenth

Amendment. *Graham v. Connor*, 490 U.S 386, 395 n.10 (1989) ("[T]he Due Process Clause

protects a pretrial detainee from the use of excessive force that amounts to punishment."); *see*

*Szabo v. Parascandolo*, 16-CV-3683 (PKC)(LB), 2019 WL 481925, *5 (E.D.N.Y. Feb. 7,

2019)("For post-arrest, pre-trial detainees ... the right 'to be free from excessive force amounting

---

[1] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 72 ("Upon request, counsel shall provide the *pro se* litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

to punishment is protected by the Due Process Clause of the Fourteenth Amendment'")(quoting *Quiller v. City of N.Y.*, No. 16-CV-3205 (RJS), 2018 WL 3418777, at *3 (S.D.N.Y. July 13, 2018)).  In order to successfully plead an excessive force claim under the Fourteenth Amendment, Plaintiff must demonstrate that the officer's actions were objectively unreasonable. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).  Relevant factors include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id*.

Here, the Court finds that the vast majority of the documents and all of the photographs submitted are not relevant to a claim or defense.  Plaintiff's sole claim is that Defendants Gamble and Smith allegedly assaulted him in violation of his constitutional rights.  He does not otherwise challenge the constitutionality of the underlying investigation or prosecution of his state court conviction.  In other words, documents and photographs that pertain to the Mount Vernon Police Department's pre-arrest criminal investigation and filings and court orders in the underlying criminal action are not relevant to Plaintiff's excessive force claim.  *See Culbreath v. Griffin*, 17-CV-3406 (KMK)(LMS), 2018 WL 11299396, *3 (S.D.N.Y. Mar. 1, 2018)(denying motion to compel production of documents as irrelevant to excessive force claim where requested documents did not relate to the "specific incident on a particular date and time" at issue).  Moreover, Plaintiff appears to concede that at least some of the criminal court filings are not relevant to his excessive force claim here. (Dkt. No. 31 at 1).  Accordingly, the Court grants Defendants' motion for a protective order as to the following documents and photographs on the

- 4 -

grounds that they are not relevant to any claim or defense: MV0001-0024, MV0026-0080, MV0084-0099, MV0102-0309, MV0311-1017.[2]

## C. The Remainder of the Documents Are Relevant and Must Be Produced

### i. Relevance

The Court has identified a narrow range of documents that are relevant to Plaintiff's claims for purposes of discovery.  The relevant documents are: Miranda Warning, (MV0025), Detective Smith's Supplemental Report Narrative #10, (MV0081-83), Detective Gamble's Supplemental Report Narrative #19, (MV0100-101), and Mount Vernon PD Statement of Admission, dated March 29, 2018, (MV0310) (collectively, "Relevant Documents").  The Relevant Documents all directly document or relate to Plaintiff's request for a lawyer and his interactions with Defendants Gamble and Smith on March 29, 2018, that form the bedrock of his excessive force allegation.  They are pertinent to the relationship between the need for the use of force and the amount of force used, the severity of the security problem, the threat reasonably perceived by Defendants Gamble and Smith, and whether Plaintiff was actively resisting. *Moroughan v. Cnty. of Suffolk*, 12-CV-512(JFB)(AKT), 2018 WL 11268801, *3 (E.D.N.Y. Feb. 6, 2018)(finding documents relevant to excessive force claim for purpose of discovery where they "go directly to the core issues in th[e] case involving the conduct of the plaintiff at the time of the underlying incident as well as the conduct of the two [] police officers who are named as defendants").  Thus, they are discoverable under Rule 26, unless protected by some other privilege.

---

[2] Page number references beginning with "MV" are to the Bates numbers assigned by Defendants to the documents submitted for *in camera* review.

### ii. Law Enforcement Privilege

Defendants claim that the Relevant Documents are appropriately withheld from discovery on the basis of the law enforcement and informant's privileges.  The purpose of the law enforcement privilege is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988).  The informant's privilege is a subset of the law enforcement privilege that protects the identity of confidential informants and cooperating witnesses. *In re The City of New York*, 607 F.3d 923, 948 n.18 (2d Cir. 2010).  As the party asserting the law enforcement privilege, Defendants "bear[] the burden of showing that the privilege indeed applies to the documents at issue." *Id.* at 948.  To show that the privilege applies, Defendants must demonstrate that the documents contain:

> (1) information pertaining to 'law enforcement techniques and procedures,' (2) information that would undermine 'the confidentiality of sources,' (3) information that would endanger 'witness and law enforcement personnel,' (4) information that would undermine 'the privacy of individuals involved in an investigation,' or (5) information that would seriously impair 'the ability of a law enforcement agency to conduct future investigations[.]'

*Id.* (internal citations omitted).  Defendants may not discharge this burden "by mere conclusory or *ipse dixit* assertions." *Micillo v. Liddle & Robinson LLP*, 15-CV-6141 (JMF), 2016 WL 2997507, *4 (S.D.N.Y. May 23, 2016)(quoting *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224-25 (2d Cir. 1984)).

The law enforcement privilege is a qualified privilege.  If the party asserting it establishes it applies, the burden then shifts to the party seeking disclosure to demonstrate that: (1) the suit is "non-frivolous and brought in good faith[;]" (2) "the information sought is [not] available

- 6 -

through other discovery or from other sources[;]"and (3) the party has a "compelling need for the privileged information." *In re The City of New York*, 607 F.3d at 948 (quoting *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1343 (D.C. Cir. 1984) and *Marriott Int'l Resorts, L.P. v. United States*, 437 F.3d 1302, 1307 (Fed. Cir. 2006)).  For present purposes, the Court assumes that this matter is not frivolous and brought in good faith since there has not been any suggestion otherwise.  If Plaintiff establishes a compelling need, then the Court must then balance the public interest in nondisclosure against Plaintiff's need for the privileged information "before ultimately deciding whether disclosure is required." *In re The City of New York*, 607 F.3d at 948.

### iii.  Application to the Relevant Documents

### a.  Miranda Warning (MV0025) and Mount Vernon PD Statement of Admission, dated March 29, 2018 (MV0310)

Documents MV0025 and MV0310 appear to be: (i) a standard form used by the Mount Vernon Police Department in order to issue *Miranda* warnings, dated March 29, 2018; and (ii) a transcribed *Miranda* waiver, dated March 29, 2018.  Each of these documents are filled in with Plaintiff's information but are not signed.  These documents pertain to law enforcement techniques and procedures and are covered by the law enforcement privilege.  Plaintiff alleges that he invoked his right to counsel "numerous times" and that the officers continued to question him and tried to "beat a confession out of" him. (Dkt. No. 2 at 4).  Defendants do not claim, and it does not appear, that any confidential information is contained in these documents.  Since these documents go directly to Plaintiff's claim that he invoked his right to counsel, the Court finds that Plaintiff has a compelling need for these documents and that he would not be able to obtain them from other sources. *Moroughan*, 2018 WL 11268801, at *6 (noting that it was "hard to overestimate the importance" of documents to the plaintiff where they "go directly to the

claims asserted in the Complaint").  The Court further finds that the public interest in

nondisclosure of these documents is nominal, if any, and is outweighed by Plaintiff's compelling

need. *See Floyd v. City of New York*, 739 F. Supp. 2d 376, 384-85 (S.D.N.Y. 2010)(finding

interest in disclosure "easily tip[ped] to plaintiff[]" where document did not involve secret

operations or implicate "vital concerns," *e.g.*, terrorism, would not endanger the officers

involved, "risk divulging secret law enforcement techniques and procedures," and the suit

"involve[]d questions of broad public concern and civil rights").  Defendants are ordered to

produce these documents (MV0025, MV0310) in full.

**b.  Detective Smith's Supplemental Report Narrative #10 (MV0081-83)**

Document MV0081-83 is a narrative summary from March 14, 2018 to April 3, 2018,

written by Defendant Smith documenting the homicide investigation and arrest of Plaintiff and

his co-defendant.  The Court finds that this document is subject to the law enforcement privilege

because it discusses confidential sources and would potentially endanger witnesses or impair

their privacy. *See In re City of New York*, 607 F.3d at 947; *In re Terrorist Attacks on Sept. 11,

2001*, 523 F. Supp. 3d 478, 502 (S.D.N.Y. 2021)(law enforcement privilege applied to

documents containing "reports of witness interviews that would disclose the identity of

individuals who were of investigatory interest"); *White v. City of New York*, No. 09-CV-9901

(BSJ)(THK), 2010 WL 2899665, *2 (S.D.N.Y. July 23, 2010).  Furthermore, much of the

information does not relate to Plaintiff's claims.  However, on pages MV0082-83, Detective

Smith discusses encounters with Plaintiff immediately before and after the alleged assault,

including when Plaintiff became "irate" and asked for a lawyer. *See* MV0083.  The Court finds

that Plaintiff has a compelling need for this information as it directly relates to his claims and

that he is unable to obtain it from other sources.  The Court further finds that the public interest

in nondisclosure would not be harmed by the production of the limited portion of the document relevant to Plaintiff's claims. *See Floyd*, 739 F. Supp. 2d at 384-85. Defendants are ordered to produce the portion of the document from the bottom of page MV0082 (starting with "On 3/29/18…") to the fourth full paragraph on page MV0083 documenting Detective Smith's encounters with Plaintiff. Defendants may redact the remainder of Document MV0081-83.

**c. Detective Gamble's Supplemental Report Narrative #19 (MV0100-101)**

Document MV0100-101 is a March 29, 2018, narrative summary written by Defendant Gamble documenting the execution of the search warrant of Plaintiff's residence and interview of Plaintiff and his co-defendant. The Court finds that this document is subject to the law enforcement privilege because it discusses law enforcement techniques and identification procedures and confidential sources, and would potentially endanger witnesses or impair their privacy. *See In re City of New York*, 607 F.3d at 947; *Dorsett v. Cnty. of Nassau*, 762 F. Supp. 2d 500, 521 (E.D.N.Y.), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011), *aff'd sub nom.*, *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156 (2d Cir. 2013)(privilege applied to internal law enforcement report where it "contain[ed] the names of …witnesses and other third-parties not related to this action whose privacy interests would be seriously jeopardized"). While the majority of the information does not relate to Plaintiff's claims, on page MV0101 Detective Gamble discusses the administration of Plaintiff's *Miranda* warning, request for a lawyer, agitation, and resultant escort to the cell block. The Court finds that Plaintiff has a compelling need for this information as it directly relates to his claims and that he is unable to obtain it from other sources. *Moroughan*, 2018 WL 11268801, at *7 (noting that information contained in law enforcement officer's "investigative notes is not available through other discovery or from other sources" and the plaintiff therefore had a "compelling need for th[o]se notes"). Defendants are ordered to

produce the second paragraph on page MV0101 documenting Defendant Gamble's encounter

with Plaintiff.  The public interest in nondisclosure, if any, will not be harmed by this limited

disclosure and is outweighed by Plaintiff's compelling need.  Defendants may redact the

remainder of Document MV0100-101.

## III.  CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion for a protective order in

part and denies it in part.  Defendants are ordered to produce the Relevant Documents in a

manner consistent with this Order to Plaintiff no later than November 15, 2022.  In summary,

Defendants should produce: (i) MV0025; (ii) MV0310; (iii) the bottom of page MV0082 to the

fourth full paragraph on page MV0083; and (iv) the second paragraph on page MV0101.

The Clerk of the Court is respectfully requested to mail a copy of this Order to the *pro se*

Plaintiff.

Dated:   November 1, 2022
         White Plains, New York

                                        **SO ORDERED:**

                                        _____
                                        JUDITH C. McCARTHY
                                        United States Magistrate Judge

- 10 -