UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TASJAWN WHITE,

                                  Plaintiff,

        -against-

CITY OF MOUNT VERNON, et al.,

                                  Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___04/03/2024___

No. 19 Civ. 853 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge

Tasjawn White ("Plaintiff") commenced this action, proceeding *pro se*, against the City of Mount Vernon, City of Mount Vernon Police Department[1] ("MVPD"), City of Mount Vernon Police Department Detective Gamble ("Gamble"), and City of Mount Vernon Police Department Detective Smith ("Smith") (collectively, "Defendants"), asserting claims in connection with an alleged assault he suffered at the hands of Detectives Gamble and Smith. (Complaint ("Compl."), ECF No. 2.) Presently before the Court is Defendants' motion for summary judgment (the "Motion") on all of Plaintiff's claims. (ECF No. 73.) For the following reasons, the Court GRANTS the Motion in its entirety.

---

[1] Defendants argue that MVPD is not a sueable entity and should be dismissed from this action. (Defs.' MOL at 6). The Court agrees. "[U]nder New York law, departments which are merely administrative arms of a municipality[ ] do not have a legal identity separate apart from the municipality and cannot sue or be sued." *Tenemille v. Town of Ramapo*, No. 18-CV-724 (KMK), 2020 WL 5731964, at *16 (S.D.N.Y. Sept. 24, 2020) (quoting *Elek v. Incorporated Village of Monroe*, 815 F. Supp. 2d 801, 806 n.2 (S.D.N.Y. 2011)). MVPD is an administrative arm of its corresponding municipality, the City, which itself is a named Defendant. "Where both the municipality and the municipal agency have been named as defendants, courts have dismissed the claims against the agency." *See id.* (citing *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Because [the] plaintiff has named the City of White Plains as a defendant, any claims against the [White Plains Department of Public Safety ("WPDPS")] are redundant. WPDPS does not have its own legal identity, and therefore the claims against it are dismissed."); *Manning v. County of Westchester*, No. 93-CV-3366, 1995 WL 12579, at *2 (S.D.N.Y. Jan. 5, 1995) (removing the Westchester County Police Department as a named defendant where the County of Westchester, as the real party in interest, was already a named defendant). Because the MVPD does not have its own legal identity, Plaintiff's claims against MVPD are dismissed as a matter of law.

# BACKGROUND

## I.      Factual Background

Plaintiff is an incarcerated individual currently housed at Upstate Correctional Facility. (Defendants' Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 ("Defs.' 56.1"), ECF No. 75 ¶ 3.)[2] On March 29, 2018, Plaintiff was arrested in connection with a homicide that occurred in Mount Vernon, New York earlier that month. (*Id*. at ¶ 5.) After being arrested, Plaintiff was interviewed by MVPD Detectives Gamble and Smith at MVPD headquarters. (*Id*. at ¶ 6.) Plaintiff claims that he invoked his right to counsel several times approximately 20 to 30 minutes into the interview, ECF No. 74-2 (White Deposition) at 14:9-16, 15:6-12, 39:22-25, 40:2-23, but Gamble and Smith ignored him and continued to interrogate him, Defs.' 56.1 at ¶ 20; Compl. at 4.

Plaintiff then claims he walked out of the interview room into a hallway where Gamble immediately punched him in the chest, and then as Plaintiff made his way into a stairwell, Gamble, Smith and other unidentified officers began kicking and punching him. (Defs.' 56.1 at ¶ 9.) Plaintiff claims Defendants assaulted him with approximately 25 punches and kicks to his chest, back, ribs and legs, causing "severe bruising and swelling on ribs, back, legs, arms and stomach, mental anguish, unnecessary pain and suffering emotional trauma." (*Id*. at ¶ 7; Compl. at 4.) In particular, Plaintiff contends that the altercation left him with a bruise on his chest from Gamble's first punch, and that he had redness all over his body from the other punches and kicks, specifically on his torso and back. (Defs.' 56.1 at ¶¶ 12-13.)

Plaintiff did not report any injuries to MVPD personnel after the alleged assault when he was placed in the holding cell area, during his arraignment before a judge in the Mount Vernon

---

[2] Plaintiff did not serve a response to Defs.' 56.1 nor opposition papers, despite receiving notice of his obligation to do so. (*See* Certificate of Service, ECF No. 77.)

City Court, nor during the intake process at the Westchester County Jail (the "Jail") on the following day. (ECF No. 74-2 at 24:25, 25:2-5, 27:16-25, 33:2-4.) None of the intake records generated by the Jail reflect any report or observation of any injuries or evidence of an assault, including a "Health and Physical Assessment" of Plaintiff during his intake on March 30, 2018, mere hours after Plaintiff was allegedly assaulted. (*See* ECF No. 74-3.) The intake assessment indicated that Plaintiff reported no recent injuries and his appearance was "neat & clean." (*Id.*) The Jail also prepared a document titled "Receiving Screening" related to Plaintiff's admission to the Jail on March, 30, 2018, which indicated that Plaintiff reported that he had never been the victim of a crime, his appearance was not abnormal in any way (including "evidence suggestive of trauma or abuse"), his movement was not restricted or compromised in any way, and that the only abnormality on his skin was "tattoos on both arms." (*See* ECF No. 74-4.) Plaintiff signed the document. (*Id.*) Finally, the Jail prepared a document titled "Department of Correction Medical Assessment Report" for Plaintiff, which indicated that the staff member who completed it did not observe in Plaintiff any condition that required immediate medical referral and did not observe any injuries. (Defs.' 56.1 at ¶ 19.)

Plaintiff ultimately pled guilty to charges of murder and attempted murder. (ECF No. 74-2 at 12:5-15.) He later refused to appear for his first Court-ordered scheduled deposition in this matter on January 27, 2023. (Defs.' 56.1 at ¶ 33.). When Plaintiff was informed that he could lose his rights as a result of not appearing, he allegedly replied that he did not care. (*Id.* at ¶ 34.)

## II.    Procedural History

On January 28, 2019, Plaintiff commenced the present action. (*See* ECF No. 2.) On July 11, 2023, Defendants filed the instant Motion (ECF No. 73), as well as a memorandum of law

(ECF No. 76) and a reply affirmation (ECF No. 78) in support thereof. Plaintiff did not file an opposition. (*See* ECF No. 78 at ¶ 5.)

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56(c), summary judgment must be granted if "there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 n. 4 (1986). "[G]enuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, [while] materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999) (internal quotations and citations omitted). In order to prove that a genuine issue of material fact exists, a plaintiff "may not rest upon the mere allegations or denials of the pleading[s]," but must by affidavit or otherwise "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Conclusory statements, conjecture or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996).

Courts must resolve all ambiguities and draw all reasonable factual inferences in favor of the non-moving party. *See Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). The moving party bears the initial burden of demonstrating an absence of genuine issues of material fact. *See Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). If the initial burden is met, the non-moving party "must produce specific facts indicating that a genuine issue of fact exists. If the evidence [presented by the non-moving party] is merely colorable, or is not significantly probative, summary judgment may be granted." *Scotto v.*

*Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (internal quotations and citations omitted) (alteration in original).

While a court is to extend extra consideration to *pro se* parties, this obligation does not relieve *pro se* parties of the duty to meet the requirements necessary to defeat the motion. *See Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003). Even a *pro se* party "may not rely simply on conclusory allegations or speculation to avoid summary judgment, but instead must offer evidence to show that its version of the events is not wholly fanciful." *Sanders v. City of New York*, 2015 WL 2331105, at 3 (S.D.N.Y. 2015) (quoting *Shah v. Kuwait Airways Corp.*, 653 F.Supp.2d 499, 502 (S.D.N.Y. 2009), *vacated on other grounds*, 387 F. App'x 13 (2d Cir. 2010)).

## DISCUSSION

Plaintiff's Complaint does not clearly state whether he brings his claims regarding the alleged assault, which the Court construes as a claim for excessive force, assault and/or battery under New York state law or excessive force under federal law under 42 U.S.C. § 1983. The Court addresses both options.

## I.     State Law Claims

To the extent that Plaintiff asserts his claims against Defendants under New York state law, "they must be dismissed for failure to file a notice of claim." *Dumel v. Westchester Cnty.*, No. 19-CV-2161 (KMK), 2021 U.S. Dist. LEXIS 35470, at *44 (S.D.N.Y. Feb. 25, 2021). New York law "provides that no tort action shall be prosecuted or maintained against a municipality or any of its officers, agents, or employees unless: (1) a notice of claim has been served against the [municipality]; (2) the [municipality] has refused adjustment or payment of the claim; and (3) the action is commenced within one year and ninety days after the event upon which the claim is

based occurred." *Gibson v. Comm'r of Mental Health*, No. 04–CV–4350, 2006 WL 1234971, at *5 (S.D.N.Y. May 8, 2006) (citing N.Y. Gen. Mun. Law § 50–i). A plaintiff is required to serve a notice of claim "within ninety days after the claim arises." N.Y. Gen. Mun. Law § 50–e(1)(a). Notice of claim requirements are construed strictly by New York state courts and "[f]ailure to comply with [them] ordinarily requires dismissal." *Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). In addition, "[i]t is well settled that federal courts entertaining state law claims against municipalities are obligated to apply any applicable state law notice-of-claim provisions." *Jones v. City of New York*, No. 1:19-CV-10424 (MKV), 2021 WL 4482150, at *5 (S.D.N.Y. Sept. 30, 2021) (citation omitted).

Here, Plaintiff's claim arose on the day of the alleged assault, March 29, 2018. He was therefore required to serve the City of Mount Vernon with a notice of claim by June 27, 2019. As of the time of briefing, Plaintiff still had not served a notice of claim. (Defs.' MOL at 8.) Any New York State law claims Plaintiff brings against Defendants are therefore dismissed as a matter of law.

## II.    Federal Excessive Force Claim

Excessive force claims by pretrial detainees are analyzed under the Fourteenth Amendment's Due Process Clause. *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). To succeed on this type of claim, a pretrial detainee must demonstrate, "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Plaintiff here is unable to demonstrate a genuine issue of material fact as to whether he was even assaulted, and, as a result, his claims are dismissed.

In his Complaint and deposition, Plaintiff alleges that Gamble and Smith repeatedly punched and kicked him, resulting in "severe bruising and swelling on ribs, back, legs, arms and stomach, mental anguish, unnecessary pain and suffering emotional trauma." (Compl. at 4.) In particular, Plaintiff contends that the altercation left him with a bruise on his chest from Gamble's first punch, and that he had redness all over his body from the other punches and kicks, specifically on his torso and back. (Defs.' 56.1 at ¶ 12-13.) But Plaintiff did not report any injuries to MVPD personnel after the alleged assault, nor before a judge in the Mount Vernon City Court, nor during the intake process at the Jail (the "Jail") on the following day. (ECF No. 74-2 at 24:25, 25:2-5, 27:16-25, 33:2-4.) In fact, none of medical records generated by the Jail reflect any report or observation of any injuries or evidence of an assault. To the contrary, the records indicate that the day following the alleged assault, Plaintiff's appearance was "neat & clean." (*See* ECF No. 74-3.)[3]

Accordingly, contemporaneous documentation casts doubt on Plaintiff's testimony of the events. *See Scott v. Harris,* 550 U.S. at 378–81 (concluding that video, audio, or other documentary evidence can be considered on summary judgment and may be credited over non-movant's account if it is so "blatantly contradicted by [documentary evidence],…that no reasonable jury could believe [that account]"); *accord Zellner v. Summerlin,* 494 F.3d 344, 371 (2d Cir. 2007). Plaintiff's medical records "directly contradict the version of facts [P]laintiff gave in his [C]omplaint as well as in his deposition…the record is utterly devoid of evidence of any kind supporting [plaintiff's] description of his injuries—other than his own claims." *Davis v.*

---

[3] Plaintiff's inability to demonstrate a genuine issue of material fact as to any injuries he suffered from the alleged assault is another defect in his excessive force claim. "[A] plaintiff generally must prove he sustained some injury to prevail on an excessive force claim." *Hicks v. Vill. of Ossining*, No. 12 CV 6874 (VB), 2016 WL 345582, at *4 (S.D.N.Y. Jan. 27, 2016). "Although proof of severe or permanent injury is not required to establish excessive force, a plaintiff must show *some* injury to do so. [Plaintiff] fails to show that he suffered any physical injury at all." *Russo v. Port Auth. of New York & New Jersey*, 2008 WL 4508558, at *4 (E.D.N.Y. Sept. 30, 2008) (emphasis in original). Plaintiff's failure to demonstrate a physical injury (in the face of extensive contemporaneous documentary evidence to the contrary) provides a separate ground for dismissal of his claims.

*Klein*, No. 11-CV-4868 ENV, 2013 WL 5780475, at \*4 (E.D.N.Y. Oct. 25, 2013). And although the Court typically cannot resolve issues of credibility on summary judgment, the Second Circuit has recognized that, "in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine…whether there are any 'genuine' issues of material fact, without making some assessment of the plaintiff's account." *Jeffreys v. City of New York,* 426 F.3d 549, 554 (2d Cir. 2005) (citation omitted). To set aside a plaintiff's self-serving testimony, the testimony must be "so replete with inconsistencies and improbabilities that no reasonable [fact-finder] would undertake the suspension of disbelief necessary to credit the allegations made in his complaint." *Id.* at 555 (internal quotation marks omitted). In *Jeffreys,* the plaintiff concocted a version of events that directly contradicted the story he had consistently given to medical, police, and risk screening personnel before the onset of litigation. *Id.* at 552. Because nothing in the record supported plaintiff's allegations "other than plaintiff's own contradictory and incomplete testimony," the Second Circuit concluded that "[n]o reasonable person would undertake the suspension of disbelief necessary to give credit to the allegations made in [the] complaint" and affirmed the district court's grant of summary judgment. *Id.* at 555 (internal quotation marks omitted). This case presents similar circumstances to *Jeffreys* where "an assessment of the [P]laintiff's account" is warranted because his testimony is "so replete with inconsistencies," *id.* at 554, 555, and is directly contradicted by documentary evidence, *Lozada v. Delta Airlines, Inc*., No. 13 CIV. 7388 JPO, 2014 WL 2738529, at \*5 (S.D.N.Y. June 17, 2014), such as the contemporaneous medical reports from the Jail, which fail to mention the assault, one of which Plaintiff even signed, *see* ECF No. 74-4. *See also Rolkiewicz v. City of New York*, 442 F. Supp. 3d 627, 642–43 (S.D.N.Y. 2020) (holding that "[a]bsent corroborating

evidence, testimony that is inconsistent and contradictory may be insufficient to survive summary judgment") (citation omitted) (alteration in original).

Having failed to submit opposition papers, Plaintiff does not even attempt to explain the discrepancy between the Complaint and his past failure to mention an assault, as well at his medical reports which fail to mention any injuries. Absent any supporting evidence, Plaintiff's inconsistent and self-serving testimony is insufficient to defeat Defendants' motion for summary judgment. *See Deebs v. Alstom Transp., Inc.,* 346 F. App'x 654, 656 (2d Cir. 2009) ("[T]he only 'evidence' cited in plaintiffs' brief is their own self-serving testimony and [the] plaintiffs have 'made no attempt…to square their own speculative, and subjective, testimony with the hard evidence adduced during discovery. Such evidence is insufficient to defeat summary judgment.'") (quoting *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir. 1985)). Rather, Plaintiff only baldly asserts in the Complaint and in his deposition testimony that an assault occurred.

In sum, in the absence of any direct or circumstantial evidence supporting his account of the alleged assault, "no reasonable jury could…credit[]" Plaintiff's "inconsisten[t]" and "improbabl[e]" account. *See Jeffreys*, 426 F.3d at 551. As a result, the Court grants Defendants summary judgment on this claim.

**CONCLUSION**

Defendants' Motion for summary judgment is GRANTED and all of Plaintiff's claims are dismissed with prejudice. The Clerk of Court is kindly directed to terminate the motion at ECF No. 73, enter Judgment in favor of the Defendants, and close the case. The Clerk of Court is further directed to mail a copy of this Order to *pro se* Plaintiff at Plaintiff's address listed on ECF and to show service on the docket.

Dated: April 3, 2024                                SO ORDERED:
White Plains, New York

_____
    NELSON S. ROMÁN
United States District Judge